# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Tyrone Sifford, *formerly* # 12712-058 | Case No.: 8:17-cv-3210 |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Warden Darlene Drew, *Warden FCI Bennettsville*; Luis Berrios, M.D.; Julia E. Berrios, M.D.; Nestor Osorto, M.L.P., | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 24) recommending that Plaintiff's Complaint be summarily dismissed without prejudice and without issuance of service of process. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court.

## I.  Background and Relevant Facts

Plaintiff Tyrone Sifford filed this civil action alleging that Defendants were deliberately indifferent to his serious medical need. Plaintiff is proceeding *pro se* and *in forma pauperis*. The Magistrate Judge has thoroughly summarized the relevant facts of this case. (Dkt. No. 24 at 2-3.) Plaintiff alleges that Defendants refused to schedule knee surgery for him over a period of years following a serious ACL injury he sustained in 2002. Plaintiff seeks an order from the Court requiring the Bureau of Prisons ("BOP") to provide him with appropriate medical care, including arthroscopic knee surgery, in addition to actual and compensatory damages of $250,000, and punitive damages. When Plaintiff filed his Complaint, he was serving the remainder of his

federal sentence on home detention. Plaintiff was released from the custody of the BOP on November 2017 and now lives in Charlotte, North Carolina.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

The Magistrate Judge explained in the R. & R. that this case is subject to summary dismissal because it is a duplicate filing. (Dkt. No. 24 at 5-7.) In Plaintiff's prior case, this Court dismissed the Amended Complaint, granting summary judgment for the Defendants after evaluating Plaintiff's medical records and determining that the treatment Plaintiff received was

within the range of discretion courts afford to medical professionals. (Case No. 8:11-cv-3019-JDA-RMG, Dkt. Nos. 93, 94.)

Objections to the R. & R. were due by February 26, 2018[1]. No party has filed Objections to the R. & R. In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

### IV. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 24) as the order of the Court. Plaintiff's Complaint is dismissed with prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 28, 2018
Charleston, South Carolina

---

[1] The Docket indicates that Objections to the R. & R. were due by February 21, 2018. (Dkt. No. 24.) Plaintiff is afforded an additional three business days to account for his service by mail, so his Objections to the R. & R. were due by February 26, 2018.